IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TROY BARRETT, on behalf of himself and others similarly situated,<br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>THE TJX COMPANIES, INC., NBC PHILADELPHIA MERCHANTS, INC., AND NBC PITTSTON MERCHANTS, INC.<br><br>　　　　　　　　　Defendants. | :<br>:<br>:　2:22-CV-04708<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## FIRST AMENDED COMPLAINT – CLASS ACTION

Troy Barrett ("Plaintiff") brings this class action lawsuit against The TJX Companies, Inc., NBC Philadelphia Merchants, Inc., and NBC Pittston Merchants, Inc. ("Defendants"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and alleging that Defendant has violated the PMWA by failing to pay overtime wages for time associated with certain required activities arising on Defendant's premises at the beginning and end of the workday. He alleges the following:

## JURISDICTION AND VENUE

1.　Plaintiff originally filed this action in the Court of Common Pleas for the Commonwealth of Pennsylvania in Philadelphia County on October 17, 2022. On November 23, 2022, Defendant The TJX Companies, Inc. removed the action to this Court, alleging federal jurisdiction. ECF No. 1.

2.　On December 13, 2022, Plaintiff filed a motion to remand this action to state court. ECF No. 7. As set forth in that motion, Plaintiff disputes that this Court has jurisdiction over Plaintiff's claims. Plaintiff's motion to remand is currently pending in this Court.

3.　On December 15, 2022, Defendant The TJX Companies filed a motion to dismiss

this action under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  ECF No. 9.

## PARTIES

4.	Plaintiff is an individual residing in Scranton, PA (Lackawanna County).

5.	Defendant The TJX Companies ("TJX") is a corporation headquartered in Framingham, MA and registered to do business in Pennsylvania.

6.	Defendant NBC Philadelphia Merchants, Inc. is a corporation incorporated and organized under the laws of, and registered to do business in, the Commonwealth of Pennsylvania.

7.	Defendant NBC Pittston Merchants, Inc. is a corporation incorporated and organized and under the laws of, and registered to do business in, the Commonwealth of Pennsylvania.

## FACTS

8.	Defendant TJX "is the leading off-price apparel and home fashions retailer in the United States and worldwide."  SEC Form 10-K for the Fiscal Year Ended January 29, 2022 ("Annual Report") at 4.  TJX's retail stores operate under brand names such as, *inter alia*, TJ Maxx, Marshalls, and HomeGoods.  *See id.*

9.	In order to support its retail operations, TJX "operate[s] distribution centers encompassing approximately 24 million square feet in six countries."  Annual Report at 6.

10.	Defendant NBC Philadelphia Merchants Inc. is a subsidiary of Defendant TJX. Annual Report at Exhibit 21.

11.	According to business filings for NBC Philadelphia Merchants, Inc., on the Pennsylvania Department of State's website, NBC Philadelphia Merchants, Inc.'s corporate officers share the same business address as TJX: 770 Cochituate Road, Framingham, MA.

12. Defendant TJX, through Defendant NBC Philadelphia Merchants Inc., operates a distribution center in Philadelphia, PA (Philadelphia County).

13. Defendant NBC Pittson Merchants Inc. is a subsidiary of Defendant TJX. Annual Report at Exhibit 21.

14. Defendant TJX, through Defendant NBC Pittson Merchants Inc., operates a distribution center in Pittston, PA (Luzerne County).

15. Upon information and belief, TJX employs management-level staff at the Pittston distribution center. For example, a Manager of Human Resources at the Pittston facility holds herself out as an employee of TJX on her professional LinkedIn profile.[1]

16. Defendants employ individuals who work in the Pennsylvania distribution centers and are paid an hourly wage. Such individuals are referred to as "class members" if, during any week since October 17, 2019, they were credited with working 40 or more hours.

17. Defendants have the authority to set the terms and conditions of employment for individuals employed at the Pennsylvania distribution centers. *See, e.g.*, Annual Report at 13 ("During April 2020, we temporarily furloughed the majority of hourly store and distribution center Associates in the U.S. and Canada, with employee benefits coverage for eligible Associates continuing during the temporary furlough . . .").

18. Defendant TJX repeatedly refers to class members as its own employees, *see, e.g.*, Annual Report at 13 ("We need to employ capable, engaged Associates for our stores and distribution centers in large numbers . . . ."), 25 ("During April 2020, we temporarily furloughed the majority of hourly store and distribution center Associates in the U.S. and Canada, with

---

[1] *See* https://www.linkedin.com/in/stacey-e-cavuto-99222a45/ (last visited January 12, 2023).

3

employee benefits coverage for eligible Associates continuing during the temporary furlough . . .”); and utilizes its corporate website to advertise and fill job openings at the Philadelphia, PA distribution center[2] and the Pittston, PA distribution center.[3]

19. Since approximately June 2022, Defendants TJX and NBC Pittston Merchants have employed Plaintiff at the Pittston, PA distribution center and paid him hourly wage.

20. Although paystubs received by Plaintiff are issued by NBC Pittston Merchants, they also bear the logo of TJX. Upon information and belief, paystubs provided to employees at the Philadelphia, PA distribution center also bear the TJX logo.

21. Plaintiff, like other class members, often worked over 40 hours per week. For example, Plaintiff, according to his paystub, was credited with working 44.48 hours during the week beginning on September 18, 2022 and ending on September 24, 2022.

22. After entering the distribution center, Plaintiff and other class members must walk within the distribution center to time clocks located at or near their assigned work areas. Upon arriving at the time clocks, Plaintiff and other class members often must wait in lines that form at the time clocks.

23. Defendants do not pay Plaintiff and other class members any compensation for time spent at the beginning of the workday walking within the distribution center to time clocks or for time spent waiting at the time clocks.

24. At the end of the workday, Plaintiff and other class members must clock-out at time clocks located at or near their assigned work areas. After clocking-out, Plaintiff and other

---

[2] *See, e.g.*, https://jobs.tjx.com/global/en/job/1848523/Overnight-General-Warehouse-Associate (last visited October 11, 2022).
[3] *See, e.g.*, https://jobs.tjx.com/global/en/job/1726261/2022-General-Warehouse (last visited October 11, 2022).

4

class members must walk within the distribution center to the exit area.

25.     Defendants do not pay Plaintiff and other class members any compensation for time spent at the end of the workday walking within the distribution center from the time clocks to the exit area.

## CLASS ALLEGATIONS

26.     Plaintiff brings this lawsuit as a class action on behalf of all class members, as defined in paragraph 16 *supra*.

27.     This action may be properly maintained as a class action pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709.  Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Pennsylvania's class action requisites are satisfied.[4]

28.     The class, upon information and belief, includes hundreds of individuals, all of whom are readily ascertainable based on Defendants' business records and are so numerous that joinder of all class members is impracticable.

29.     Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

30.     Plaintiff and his lawyers will fairly and adequately represent the class members and their interests because, *inter alia*, (a) Plaintiff is represented by experienced counsel who are well-prepared to vigorously and competently litigate this action on behalf of the class; (b) Plaintiff and his counsel are free of any conflicts of interest that prevent him from pursuing this

---

[4] Although currently proceeding in this Court, Plaintiff continues to plead class allegations based on Pennsylvania Rules of Civil Procedure.  As indicated in Plaintiff's pending Motion to Remand, ECF No. 7, Plaintiff submits that this action is properly maintained in state court.

action on behalf of the class; and (c) Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

31. Questions of law and fact are common to all class members, because, *inter alia*, this action concerns Defendants' common timekeeping, payroll, and compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable PMWA principles to common facts.

32. A class action provides a fair and efficient method for adjudication of the controversy because, *inter alia*, the previously mentioned common questions of law and fact predominate over any questions affecting Plaintiff or any individual class member; the monetary damages sought are readily calculable and attributable to class members; and class litigation protects against the risk of inconsistent or varying adjudications that might result if individual class members pursued individual actions in multiple courthouses.

33. Because Defendants conduct substantial business in Philadelphia County and many of the class members are employed at the Philadelphia distribution center, the Philadelphia Court of Common Pleas (which has well-established procedures and protocols for overseeing class litigation) is an appropriate forum for litigating of the claims of the entire class.

34. The complexities of the issues and the expense of litigating separate claims of individual class members weigh in favor of class certification. For example, in the instant action, Plaintiff will seek and present evidence concerning Defendants' common payroll practices. The gathering and presentation of such evidence in multiple proceedings would be inefficient, redundant, and unjustifiably expensive. The class action device, when compared to multiple proceedings, presents fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.

Concentrating this litigation in one forum promotes judicial economy and efficiency and promotes parity among the claims of individual class members as well as judicial consistency. Thus, the conduct of this action as a class action conserves the resources of the parties and the court system, protects the rights of each class member, and meets all due process requirements as to fairness to Defendant.

## COUNT I

35. All previous paragraphs are incorporated as though fully set forth herein.

36. The PMWA defines employer to include "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employe." 43 P.S. § 333.103. This definition has been construed broadly to include corporate parents, consistent with the remedial public policy purposes of the PMWA. *See, e.g., Henderson v. Univ. of Pittsburgh Med. Ctr.*, 2010 Pa. Dist. & Cnty. Dec. LEXIS 43, at **8-10 (Feb. 24, 2010). Each of the Defendants is an employer covered by the PMWA's mandates.

37. Plaintiff and the class members are employees entitled to the PMWA's protections.

38. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, 255 A.3d 191, 204 (Pa. 2021).

39. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 per

week. *See* 43 P.S. § 333.104(c).

40. Defendants violated the PMWA by failing to pay Plaintiff and other class members overtime premium compensation for time spent: (i) walking within the distribution center to time clocks at the beginning of the workday; (ii) waiting at time clocks at the beginning of the workday; and (iii) walking within the distribution center from time clocks at the end of the workday.[5]

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seeks the following relief: (i) unpaid overtime wages; (ii) prejudgment interest; (iii) litigation costs, expenses, and attorney's fees; and (iv) any other relief this Court deems just and proper.

Date: January 13, 2023

Respectfully submitted,

/s/

Peter Winebrake (80496)
R. Andrew Santillo (93041)
Mark J. Gottesfeld (307752)
Deirdre A. Aaron (323389)
Michelle L. Tolodziecki (329470)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

---

[5] Plaintiff does not seek damages for weeks in which, according to Defendants' objectively ascertainable payroll data, he and other class members were not credited with working at least 40 hours.

Sarah R. Schalman-Bergen (206211)
Krysten Connon (314190)
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973

*Plaintiff's Counsel*